IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DANIEL B. HURLBUT                                                              PLAINTIFF

v.                               Civil No. 6:19-CV-06106

LIEUTENANT ADAM CLARK, *et. al.*                                          DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

On October 6, 2019, a Suggestion of Death upon the record was filed in *Hurlbut v. Correct Care Solutions, LLC*, No. 6:18-cv-06016. The Suggestion of Death indicates Plaintiff died on September 28, 2019; this date was confirmed through research by the Court.

As this case has not yet been served, the Court took judicial notice of Plaintiff's death for this case on October 9, 2019. (ECF No. 5). *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (the Court may take judicial notice of public records).

Rule 25 of the Federal Rules of Civil procedure governs the substitution of parties after death, and it provides in part, "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1).

The Advisory Committee Notes for this rule make clear that the time does not begin to run until the death is suggested on the record by service of a statement of the fact of death. *Id*. In the

1

present case, the Court took judicial notice of the death on October 9, 2019.  Plaintiff's successor or personal representative had 90 days from that date, or until January 7, 2020, to file a motion to substitute.  No such motion to substitute has been filed with the Court.

Accordingly, the undersigned recommends that Plaintiff's case be dismissed pursuant to Fed. R. Civ. P. 25(a)(1).

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **23rd day of January 2020**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE